**RIVERVIEW INVESTMENTS, INC., Melvin F. Smith, Plaintiffs-Appellants,**

v.

**OTTAWA COMMUNITY IMPROVEMENT CORPORATION, et al., Defendants-Appellees.**

No. 84–3445.

United States Court of Appeals, Sixth Circuit.

Oct. 9, 1985.

Before MERRITT and WELLFORD, Circuit Judges, and EDWARDS, Senior Circuit Judge.

ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original hearing panel.

The panel has further reviewed the petition for rehearing and the petition is denied. A separate order of revision to the original decision filed July 31, 1985 is being entered today with respect to the petition.

ORDER OF REVISION

On July 31, 1985, we filed our opinion deciding petitioner's appeal of the District Court's order granting respondents' motion for summary judgment. *Riverview Investments, Inc. v. Ottawa Community Improvement Corp.,* 769 F.2d 324 (6th Cir. 1985). A complete statement of the facts of this case may be found on pages two and three of that opinion. We affirmed the District Court's order with respect to petitioner's claims under the fourteenth amendment and 42 U.S.C. § 1983. How-

ever, we reversed the District Court's holding that petitioners had no standing to assert a violation by respondents of sections one and two of the Sherman Act, 15 U.S.C. §§ 1 & 2 (1982). We also reversed and remanded for further consideration that part of the District Court's order ruling that respondents' actions fell within the "state action" exemption from the federal antitrust laws.

In instructing the District Court concerning matters to be considered on remand, we made the following statement:

> The case is therefore remanded for reconsideration in light of *Town of Hallie v. City of Eau Clair*, 53 U.S.L.W. 4418 [—— U.S. ——, 105 S.Ct. 1713, 85 L.Ed.2d 24] (March 27, 1985), and *Southern Motor Carriers Rate Conference, Inc. v. United States*, 53 U.S.L.W. 4422 [—— U.S ——, 105 S.Ct. 1721, 85 L.Ed.2d 36] (March 27, 1985), cases decided after the District Court's decision in the instant case. Justice Powell's opinions for the Court in these cases require that a determination be made regarding the following questions, determinations best left in the first instance to the District Judge following an evidentiary hearing. These questions are: (1) Whether the Village of Ottawa or the Ottawa Community Improvement Corporation made the effective decision to reject appellant's bond application. If the District Judge concludes that the Village of Ottawa did, the order denying relief should be reentered. (2) If the District Judge determines that the Community Improvement Corporation made the effective decision, then evidence should be taken on whether in rendering its decision the Community Improvement Corporation was actively supervised by the *Village of Ottawa*. If there was such supervision, the decision was protected under state action immunity, otherwise not.

*Riverview Investments, Inc. v. Ottawa Community Improvement Corp.*, 769 F.2d 324, 330 (6th Cir.1985) (emphasis added). In our earlier opinion we stated that the Ottawa Community Improvement Corporation's decision (assuming, without so deciding, that it was the Corporation's decision) to reject the bond application was protected by the state action doctrine if the decision was actively supervised by the Village of Ottawa. In light of *Town of Hallie* and *Southern Motor Carriers*, that statement may not be a completely accurate statement of the law.

Accordingly, we hereby alter the quoted portion of our earlier opinion to read, "(2) If the District Judge determines that the Community Improvement Corporation made the effective decision, then evidence should be taken on whether in rendering its decision the Community Improvement Corporation was actively supervised by the state."